OPINION
{¶ 1} Defendants-appellants Rulli Family Foods, et al. appeal the June 7, 2006, Judgment Entry of the Tuscarawas County Court of Common Pleas denying their Motion to Overrule Plaintiff's Motion for Default Judgment, Motion for Leave to File Answer Instanter, and Supplemental Motion to Vacate Plaintiff's Motion for Default Judgment.[1]
Plaintiff-appellee is Tusco Grocers.
 STATEMENTS OF FACTS AND LAW {¶ 2} On August 19, 2004, appellants entered into a purchase agreement with appellee in which appellants agreed to purchase various food products from appellee and/or its suppliers. The terms of said purchase agreement provided for cash payment of the net amount within seven days of delivery. In addition, on October 19, 2004, appellants signed a cognovit note in favor of the appellant. This cause of action arose when appellants failed to pay the amount due and owing following the delivery of said products.
 {¶ 3} Appellee filed its complaint on June 22, 2005. Appellant Rulli Family Foods was served with the Complaint by certified mail on June 25, 2005; appellant Karen Rulli was served with the Complaint by certified mail on June 25, 2005; appellant Anthony Rulli was served with the Complaint by certified mail on June 25, 2005; and, defendant Michael Janik was served with the Complaint on July 18, 2005.
 {¶ 4} On September 21, 2005, after receiving no answer to its Complaint, appellant filed a Motion for Default Judgment. Pursuant to Local Rule 4(G), appellee's Motion for Default Judgment was set for non-oral consideration by the court on October 3, 2005. Appellants were aware of the default hearing.[2] The trial court granted the appellee's Motion for Default Judgment as to counts one and three of the Complaint, and on October 3, 2005, entered a Judgment Entry so holding. Count two of the Complaint remained pending.
 {¶ 5} Also on October 3, 2005, appellants filed an Entry of Appearance, a Motion to Overrule Plaintiff's Motion for Default Judgment, and a Motion for Leave to File Answer Instanter. On October 17, 2005, appellants filed a Supplemental Motion to Vacate Plaintiff's Motion for Default Judgment. Appellee opposed said Motions. On November 14, 2005, the trial court issued a Judgment Entry in which it denied the appellants' Motions with regard to counts one and three of the appellee's Complaint, and granted the appellants' Motion for Leave to File Answer Instanter with regard to count two of the appellee's Complaint.
 {¶ 6} On June 2, 2006, appellee voluntarily dismissed count two of its Complaint without prejudice. On June 7, 2006, the trial court entered a Judgment Entry in which it dismissed count two of the appellee's Complaint without prejudice, cancelled the mediation conference, cancelled previously ordered debtors' examinations of the judgment debtors, and decreed that the October 3, 2005, Judgment Entry granting appellee default judgment on counts one and three of its Complaint was a final order. The appellants filed their Notice of Appeal on July 7, 2006, appealing the June 7, 2006, judgment entry, setting forth the following assignment of error:
 {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO VACATE THE JUDGMENT AS TO THE FIRST AND THIRD CLAIMS."
 {¶ 8} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part: "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form." This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 9} The appellants argue that the trial court abused its discretion when it refused to vacate the default judgment as to counts one and three of the appellee's complaint. We disagree.
 {¶ 10} In order to find an abuse of discretion, we must determine that the trial court's decision denying appellant's motion was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Because count two of appellee's Complaint remained for adjudication, the trial court's October 3, 2005, Judgment Entry granting default judgment as to counts one and three was not a final judgment, but rather, was interlocutory. As such, it was not subject to Civ. R. 60(B), which provides the basis upon which a party may obtain relief from a final judgment. Rather, appellant's Motion to Vacate was in reality a motion for reconsideration.[3] The standard of review, however, is still whether the trial court abused its discretion.
 {¶ 11} Appellants argue that their failure to answer or otherwise respond to the appellee's complaint was excusable neglect, but offer no affidavits or other details to substantiate their claim. Indeed, the only documentation offered in support of the appellant's supplemental motion to vacate is a photocopy of a letter purportedly sent by appellant's prior counsel to appellee's counsel and dated July 1, 2005. Appellant's prior counsel's letter indicates that he would no longer be representing Rulli Family Foods because he would be relocating to Columbus and that Mr. Janik wanted to try to negotiate a settlement of the matter. Appellant's October 17, 2005, motion to vacate asserts that appellant's former counsel assured appellants that he would take care of the matter. But, there are no affidavits from any of the appellants as to that fact. There are also no affidavits indicating that any of the appellants or an attorney for the appellants tried to negotiate a settlement of this matter with appellee's counsel prior to the September 21, 2005, Motion for Default Judgment. We thus find that the trial court did not act unreasonably, arbitrarily or unconscionably in denying the appellant's motion to vacate the default judgment as to counts one and three. Accordingly, the assignment of error is overruled.{¶ 12} Even if the motions sub judice were treated as Civ. R. 60(B) motions, the trial court did not abuse its discretion in not granting the motions.
 {¶ 13} Civ. R. 60(B) provides the basis upon which a party may obtain relief from judgment, and states in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, See, also, Citibank(South Dakota), N.A. v. Stein, Fairfield App. No. 05CA71, 2006-Ohio2674, at ¶ 27.
 {¶ 14} The Ohio Supreme Court interpreted Civ. R. 60(B) in the seminal case of GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113 as follows: "To prevail on his motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at 150 151.
 {¶ 15} Our review of the appellants' filings reveals a failure to satisfy the prongs of the GTE test. The appellant's motion to vacate appellee's motion for default judgment does not establish that a meritorious defense or claim would be presented if relief were granted. As set forth above, it references excusable neglect on the part of appellants' prior counsel, but fails to substantiate appellants' argument in this regard. The third prong of the GTE test, that is, that the motion be made within a reasonable time, has been satisfied insofar as the appellants' motion to vacate was filed within weeks after the default judgment was granted. However, as set forth in GTE, supra, these requirements are independent and in the conjunctive, not the disjunctive. Id. at 151. Thus, all three must be met. Because the appellants failed on the first and second prongs of the GTE test, their assignment of error is without merit.
 {¶ 16} We find that the trial court did not abuse its discretion in denying appellant's motion to vacate, and the judgment of the trial court is therefore affirmed.
[1] This was actually a Motion to Vacate the Default Judgment Entry of October 3, 2005.
[2] See, October 17, 2005, Supplemental Motion to Vacate Plaintiff's Motion for Default Judgment at page 2.
[3] Interlocutory orders are subject to motion for reconsideration. See, Pitts v. Ohio Dept. of Transp. (1981) 67 Ohio St.2d 378, 379,423 N.E.2d 1105. 
By: Edwards, J., Wise, P.J. and Gwin, J. concur