OPINION *Page 2 
{¶ 1} Defendants-Appellants Norman and Audrey Hassertt appeal from the trial court's entry of final judgment against them on their cross claim for indemnification or contribution against third-party defendant Booher Blacktop.[1]
 {¶ 2} In their sole assignment of error, the Hassertts contend the trial court erred in finding no basis for indemnification or contribution. They argue that they were entitled to indemnification or contribution by virtue of a default judgment the trial court previously had entered in their favor against Booher Blacktop.
 {¶ 3} The record reflects that the Hassertts have an easement to use part of a driveway located on property owned by Tom and Joy Brush. In September 2003, the Brushes informed the Hassertts that the driveway needed repaired. The Brushes then hired Booher Blacktop to do the work. On or about July 13, 2004, the Brushes paid Booher Blacktop $ 6,995 for work performed on the shared portion of the driveway. Pursuant to an alleged agreement between the parties, the Brushes then attempted to *Page 3 
collect one half of that amount from the Hassertts. The Hassertts refused to pay, however, asserting that Booher Blacktop had not performed all work required by its contract with the Brushes and that the work was defective.
 {¶ 4} As a result of the dispute, the Brushes filed a small-claims complaint against the Hassertts on February 2, 2005. The Hassertts subsequently had the action transferred to the civil division of the Kettering Municipal Court, where they impleaded Booher Blacktop as a third-party defendant for purposes of potential indemnification or contribution. Thereafter, the Hassertts sought and obtained a June 10, 2005 default judgment on a cross claim against Booher Blacktop, which failed to enter an appearance in the case.
 {¶ 5} The matter then proceeded to trial in October and December 2005. Based on the evidence presented, which included testimony from Booher Blacktop owner Monte Siler, a magistrate filed a March 16, 2006 decision finding that the driveway repairs were necessary, that Booher Blacktop had performed adequately, that the Hassertts owed the Brushes $ 3,497.50 for their share of the cost, and that the Hassertts had no viable indemnification or contribution cross claim against Booher Blacktop.
 {¶ 6} Thereafter, the Hassertts filed an objection to the magistrate's decision regarding indemnification or contribution. The Hassertts argued that the magistrate had erred in denying indemnification or contribution in light of the prior default judgment against Booher Blacktop. The Hassertts also argued that no basis existed for the magistrate to set aside the default judgment because Booher Blacktop never sought *Page 4 
Civ.R. 60(B) relief. The trial court overruled the objection. This timely appeal followed.
 {¶ 7} On appeal, the Hassertts reiterate their argument that the trial court should have enforced the default judgment absent a Civ.R. 60(B) motion from Booher Blacktop. The Hassertts also assert that they would have presented evidence at trial on the issue of Booher Blacktop's workmanship if they had known that the magistrate and the trial court intended to ignore the default judgment and deny indemnification or contribution.
 {¶ 8} Upon review, we are unpersuaded by the Hassertts' arguments. As an initial matter, Booher Blacktop was not required to seek Civ.R. 60(B) relief from the default judgment. Civil Rule 60(B) applies to final judgments. When the trial court entered its default judgment against Booher Blacktop, however, the ruling was interlocutory because the Brushes' claim against the Hassertts remained pending. Consequently, Civ.R. 60(B) did not apply. Tusco Grocers v. Rulli Family Foods, Tuscarawas App. No. 2006 AP 07-0038, 2006-Ohio-6665, ¶ 10; Auken v.Kellan Properties (Sept. 30, 1996), Erie App. No. E-95-037. An interlocutory ruling is subject to reconsideration by a trial court sua sponte. Nilavar v. Osborn (2000), 137 Ohio App.3d 469, 499.
 {¶ 9} At trial, the magistrate heard testimony from Booher Blacktop owner Monte Siler and other witnesses regarding the nature and quality of his work. Counsel for the Hassertts had a full and fair opportunity to cross examine Siler and to present evidence regarding the driveway repairs. The Hassertts also had an incentive to litigate this issue at trial, despite the existence of the default judgment against Booher Blacktop, because the quality of the workmanship was relevant to the Brushes' claim against the Hassertts to recover one-half of the cost. *Page 5 
 {¶ 10} Based on the evidence presented, the magistrate and the trial court concluded that the driveway repairs were necessary, that Booher Blacktop had performed adequately, that the Hassertts owed the Brushes $ 3,497.50 for their share of the cost, and that the Hassertts had no viable indemnification or contribution cross claim against Booher Blacktop because they suffered no damages. In light of these findings, the magistrate and the trial court did not abuse their discretion in sua sponte vacating the interlocutory default judgment and denying the Hassertts recovery on their cross claim. Accordingly, we overrule the Hassertts' assignment of error and affirm the judgment of the Kettering Municipal Court, Civil Division.
GRADY and WALTERS, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] The record also contains a brief designated "Brief for Plaintiff-Appellant Joy Brush." This brief addresses the trial court's award of prejudgment interest to Tom and Joy Brush and its filing of a nunc pro tunc entry on the prejudgment-interest issue. We note, however, that Joy Brush filed the same brief as the appellant in a separate appeal captioned Brush v. Hassertt, Montgomery App. No. 21687. We disposed of that appeal and resolved the prejudgment-interest and nunc pro tunc issues in a May 18, 2007 opinion. Therefore, the issues raised in the "Brief for Plaintiff-Appellant Joy Brush" are not before us here. Joy Brush's filing of her appellant's brief in this case appears to have been inadvertent. *Page 1